# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

BLAINE JACOBS,
    *Plaintiff*,

v.

BOARD OF EDUCATION
OF THE CITY OF DANBURY,
    *Defendant*.

No. 3:18-cv-00351 (JAM)

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

Plaintiff Blaine Jacobs filed this action against the Danbury Board of Education on February 28, 2018. On April 11, 2018, plaintiff moved for default judgment against defendant on the ground that defendant has failed to appear and file a response to plaintiff's complaint within 21 days. Attached to his motion is a proof of service form executed by a state marshal. According to the proof of service, on March 2, 2018, the marshal served the summons by leaving a copy of the summons at the abode of the chairperson of the board of education and with the secretary to the Danbury Superintendent of Schools. Defendant has not appeared or filed a response to plaintiff's complaint. Because it is evident that plaintiff has failed to properly effectuate service of process on defendant, I will deny plaintiff's motion for default judgment.

    "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under Connecticut law, process in a civil action against a municipal board such as a board of education is effectuated by delivery of two copies of process "upon the clerk of the

1

town, city or borough." Conn. Gen. Stat. § 52-57(b)(5). Additionally, the "chief executive officer" of a municipal board of education is the superintendent of schools. Conn. Gen. Stat. § 10-157(a).

Plaintiff here has failed to show that either the town clerk or the superintendent of schools was served process. The chairman of the board of education is neither the town clerk nor the chief executive officer of the board of education. Nor was service upon the *secretary* of the superintendent of schools sufficient to satisfy Rule 4(j)(2). *See*, *e.g.*, *McGath v. Hamilton Local Sch. Dist.*, 848 F. Supp. 2d 831, 838 (S.D. Ohio 2012); *Lundquist v. S. Dakota Bd. of Regents*, 2011 WL 5325621, at *2 (D.S.D. 2011).[1] Accordingly, plaintiff has failed to properly effectuate service of process on defendant.

### CONCLUSION

Plaintiff's Motion for Default Judgment (Doc. #7) is DENIED. Plaintiff shall properly serve defendant in accordance with Fed. R. Civ. P. 4(j)(2) and Connecticut law by June 18, 2018, or the Court will dismiss this action pursuant to Fed. R. Civ. P. 4(m).

It is so ordered.

Dated at New Haven this 4th day of June 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[1] In *S.J., ex rel. S.H.J. v. Issaquah Sch. Dist.*, 2007 WL 764916 (W.D. Wash. 2007), a district court declined to dismiss a case for failure of proper service of process where service was made upon the administrative assistant to a superintendent and where the assistant represented that she was authorized to accept service of process and where there was no question that the superintendent had actual notice of the complaint. *Id.* at *3. Here, by contrast, I have no such assurance that the superintendent has actual notice of the complaint, and there is no reason suggested why plaintiff cannot simply re-serve process fully in accordance with the technical requirements of the law.